UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STRATFORD MEDICAL CENTER, LLC,

    Plaintiff,

    v.

TOM J. MILLER, D.D.S., P.C., et al.,

    Defendants.

No. 10 C 7844
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a complaint in Illinois state court seeking a contempt finding against Chase, and requesting that Chase be required to pay damages for allowing the withdrawal of funds from a bank account after the service of a citation. Chase removed the action, and Plaintiff now seeks remand. For the following reasons, Plaintiff's motion for remand, or in the alternative, for abstention is granted.

## I. STATEMENT OF FACTS

In 2006, Plaintiff Stratford Medical Center, LLC ("Stratford Center") purchased a medical office building. At that time, it entered into a lease with several tenants, including Defendant Stratford Pediatric Associates, Ltd. ("Stratford Pediatric"). Although Stratford Center and its tenants agreed to a rental rate of $27.71 per square foot, due to an error, the lease indicated that the rental rate would be $16.50 per square foot. Most tenants agreed to execute new leases containing a rental rate of $27.71, however three, including Defendant Stratford Pediatrics, refused.

In September 2007, Stratford Center filed an action in the Illinois state court to reform the remaining three leases. The case was tried in a bench trial and on June 8, 2010, Judge Popejoy entered judgment in favor of Stratford Center. Judge Popejoy's decision reformed the lease in question and awarded $187,657.00 in damages jointly and severally against Stratford Pediatric and Dr. Victor Zuckerman ("Zuckerman"), the principal physician in that practice.

On September 2, 2010, Stratford Center served a citation to discover assets on Chase Bank. Both Stratford Pediatric and Zuckerman banked at Chase. Under Illinois law, the service of the citation created a lien on Stratford Pediatric's and Zuckerman's accounts. 735 ILCS 5/2-1402(m)(2). On September 12, 2010, Chase responded to the citation by producing bank statements and identifying several accounts held by Stratford Pediatric and Zuckerman. These statements identified $10,117.49 held in Stratford Pediatric's accounts and $47,507.60 held in Zuckerman's accounts.

In May 2010 (after the bench trial, but before the judgment was entered) Stratford Pediatric sold its assets to Central DuPage Hospital for $333,000.00 in cash. This money was mostly transferred to Zuckerman's personal accounts. He soon went on a gambling and day trading spree and lost all of the money. In July 2010, Zuckerman moved to Louisiana. On September 15, 2010, Zuckerman filed a chapter 11 petition in the Western District of Louisiana. His creditors include, among others, Stratford Center (with claims of $675,000.00), his ex-wife (with claims of $89,000.00), and the IRS (with claims of $50,000.00).

On September 28, 2010, Judge Popejoy ordered Chase to turn over the $10,117.49 held in Stratford Pediatric's accounts. On October 18, 2010, Stratford received a check in that amount. On October 25, 2010, however, Chase produced additional bank statements showing: (1) that

Chase had not withdrawn the $10,117.49 from Stratford Pediatric's account, pursuant to the court's order, but instead withdrew the funds from Zuckerman's account; and (2) Chase had allowed Zuckerman to withdraw his remaining funds in mid-October, in violation of the citation. On November 9, 2010, Straford Center filed a Motion for Judgment against Chase asking for a contempt finding against Chase, and requesting that Chase be required to pay damages in the amount of the funds that were withdrawn by Zuckerman. On December 9, 2010, Chase filed its removal petition.

## II. DISCUSSION

Chase cited 28 U.S.C. §§ 1334 and 1452 as the basis for federal jurisdiction in this matter. Pursuant to § 1452, a cause may be removed to the district court "if such district court has jurisdiction of such claim or cause of action under section 1334." Under § 1334, the district court has jurisdiction over three types of cases: (1) civil cases under title 11; (2) civil proceedings "arising under" title 11; and (3) civil proceedings "arising in" or "related to" cases under title 11. 28 U.S.C. § 1334(a)-(b). Section 1334(e) also provides that the district court in which a case under title 11 has commenced or is pending has exclusive jurisdiction over all property of the debtor's estate.

### A. This Case Does Not "Arise In" Title 11.

"Matters that 'arise in' cases under title 11 include matters concerning the administration of the bankruptcy estate, such as orders to turn over property of the estate, determinations of the validity of liens . . . and contempt matters." *In re Gadner Partners, LLC, et al.*, 432 B.R. 781, 784 (Bankr. N.D. Ill. 2010) (*quoting* COLLIER ON BANKRUPTCY 2.01[4][c][i][iv] (Alan N. Resnick & Henry J. Sommers eds., 16th ed.)). Defendant argues that because the underlying

3

facts and transactions in this matter concern estate property, there is "arise in" jurisdiction. In support of this assertion, Chase argues that this matter concerns the administration of the bankrupt estate because the funds that Stratford Center collected came from the bankrupt estate.

Chase misconstrues Stratford Center's complaint. Stratford Center is clear that it does not seek any funds from the Zuckerman estate directly, but instead, seeks relief from Chase pursuant to 735 ILCS 5/2-1402(f). Accordingly, this case does not "arise in" title 11.

B. This Case Is Not "Related To" A Case Under Title 11.

"A claim is 'related to' title 11 when its resolution 'affects the amount of property available for distribution or the allocation among creditors.'" *In re Gander Partners*, 432 B.R. at 784. Chase argues that this matter affects the amount of property available for distribution or the allocation among creditors because "potential recovery of the estate property wrongly held by Stratford could affect the amount of estate property for distribution." This is beyond the scope of Plaintiff's complaint. Plaintiff is seeking a judgment directly against Chase, and any action Chase might take to recover the money it erroneously transferred to Stratford Center is irrelevant. Similarly, Chase argues that "to the extent Chase may be liable to Stratford for said transfer, Chase would seek equitable relief from Zuckerman and the estate." Chase, therefore, would be a creditor with a claim impacting allocation and distribution. Again, however, this is beyond the scope of the complaint which seeks damages directly from Chase, and *not* from the Zuckerman estate. Accordingly, this matter does not "relate to" a case under title 11.

C. Other Arguments

In the alternative, Stratford center argues that Chase's removal petition is untimely, or that this court should abstain from hearing this matter under 28 U.S.C. §§ 1334(c)(1)-(2), and

4

remand this matter under 28 U.S.C. § 1452(c). Because I find that this court does not have jurisdiction over this claim, I do not consider these arguments.

### D. Attorneys' Fees And Costs.

Pursuant to 28 U.S.C. § 1447(c), after remand, a court may award "just costs and any actual expenses, including attorney fees, incurred as a result of removal." Moreover, a court may award attorneys' fees where the "removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As the Seventh Circuit has recognized, "28 U.S.C. § 1447(c) makes an award of attorneys' fees the norm for improper removal." *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 751 (7th Cir. 2005). Here, I have found that Chase's removal was improper. Accordingly, I grant Plaintiff's request for attorneys' fees and costs associated with this motion.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand is granted. Plaintiff is awarded reasonable attorneys' fees and costs associated with this motion.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: March 24, 2011